## Case No. 459.

### ANONYMOUS.

[1 N. B. R. 216; Bankr. Reg. Supp. 46; 3 N. B. R. 128, (Quarto, 33.)]

District Court, N. D. New York. July 24, 1867.

BANKRUPTCY—PETITION—ERROR IN JUDGE'S NAME.

In a case of involuntary bankruptcy, leave was asked to present a petition addressed to "Hon. Nye K. Hale, District Judge." *Held,* that the name of the judge must be given correctly, if at all; that it cannot be stricken out as surplusage; and consequently permission to file must be denied.

[Note. No written opinion appears to have been filed in this case.]

## Case No. 460.

### ANONYMOUS.

[1 N. B. R. (1867,) 219, (Quarto, 1.)]

District Court, S. D. New York.

BANKRUPTCY—DISCHARGE—CREDITORS' MEETINGS.

[In bankruptcy. On the register's certificate requesting an answer to the following question:]

"Suppose the 2d and 3d meetings of creditors have not been held, and no assets come into the hands of the assignee, and that after the expiration of three months from the date of adjudication, the bankrupt applies for his discharge; need the notices make any mention of the 2d and 3d meetings of creditors, or need there be any such?" T. B. Gates, Register.

BLATCHFORD, District Judge. If the bankrupt does not apply for his discharge within 3 months from the date of his being adjudged a bankrupt, the notice need say nothing about the 2d or 3d meetings of creditors. These meetings will then be left to be regulated by the provisions of sections 27 and 28 of the act, [Act March 2, 1867; 14 Stat. 517, c. 176.]

## Case No. 461.

### ANONYMOUS.

[2 N. B. R. 68, (Quarto, 21;) 1 N. B. R. (1867,) 219, (Quarto, 2.)]

District Court, S. D. New York.

BANKRUPTCY—PROOF OF DEBTS—DISCHARGE—NOTICE.

[1. All proofs of debts are to be sent to the assignee, for him to register, as required by section 22 of the bankrupt act, and thereafter returned to the register, and filed in the clerk's office with the other papers, under general order No. 7.]

[2. If the bankrupt does not apply for his discharge within three months from the time of his being adjudged a bankrupt, the notice need say nothing about the second or third meetings of creditors, which should be left to be regulated by sections 27 and 28 of the act.]

In bankruptcy. The following questions were put by Register Gates:

Section twenty-two, general clause one hundred and five, requires register to mail proof of claims to assignee. General clause one hundred and nine, next section: "The court shall allow all debts duly proved, and shall cause a list thereof to be made and certified by one of the registers." What is to be done with this list after it is "made and certified?" and if it is to be sent to the assignee, need the proofs of claims also be sent to him?

If proofs of claims and depositions are to be sent to assignee, what is he to do with them finally? Are they not to be annexed to and filed with other papers at end of case? and if so, how is register to get them? Some have notes and other evidence of debt attached, and unless the parties choose to have copies made, as provided for by the act, these go into the hands of the assignee, with proof of debts. I would like to know what the practice is in these respects.

BLATCHFORD, District Judge. All proofs of debt are, under section twenty-two, to be sent to the assignee for him to register them, as required by section twenty-two. The list to be made by the register, under sections twenty-three and twenty-seven, is the list shown by forms thirty-two and thirty-three, and is a list for a dividend. That list is to be given to the assignee. See Mem. at end of form No. 33. The list can be made from the register kept by the assignee, under section twenty-two. When the assignee has made his register he must return the proofs of debt to the register, and they must, under general order number seven, be filed in the clerk's office, with the other papers in the case.

The register replied: Suppose the second and third meetings of creditors have not been held, and no assets come into the hands of the assignee, and that after the expiration of three months from the date of adjudication the bankrupt applies for his discharge. Need notice make any mention of second and third meetings of creditors, or need there be any such?

To which the judge says: If the bankrupt does not apply for his discharge within three months from the time of his being adjudged a bankrupt, the notice need say nothing about the second or third meetings of creditors. Those meetings will be left to be regulated by the provisions of sections twenty-seven and twenty-eight of the act.